# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20157
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 3, 2015

Lyle W. Cayce
Clerk

MICHAEL MARTINEZ,

Plaintiff-Appellant

v.

MONICA PICKTALL, Physician's Assistant - C. Hepatologist University of Texas Medical Branch-CMC-HG; SHIRLEY MEADOR, Texas Department of Criminal Justice Captain Food Service IV; DR. ABBAS KHOSHDEL, University of Texas Medical Branch-CMC-Physician II; HAMOUD A. ELTORY, M.D., Pathologist University of Texas Medical Branch-HG,

Defendants-Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-1270

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Michael Martinez, Texas prisoner # 644520, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983, alleging that the appellees were deliberately indifferent to his serious medical needs. In his complaint, Martinez sought

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

injunctive relief, as well as monetary damages. Martinez timely appeals the district court's grant of summary judgment in favor of the appellees.

We review a district court's ruling on summary judgment de novo, employing the same standard used by the district court. *McFaul v. Venezuela*, 684 F.3d 564, 571 (5th Cir. 2012). A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

Martinez contends that the appellees' treatment of his medical issues "was flawed," and as a result, he has suffered irreparable harm. Specifically, Martinez asserts that Monica Picktall failed to timely administer Epogen shots when treating him for Hepatitis C, despite knowing that he would become anemic. Martinez asserts that Abbas Khoshdel incorrectly ordered iron supplements, which elevated his iron levels to a state that caused iron stains. Martinez further asserts that Shirley Meador refused to comply with orders to place him on a renal diet plan. Martinez argues that we should reverse the judgment of the district court because the court ignored the evidence he submitted in support of his Eighth Amendment claims.

Martinez's assertion that the district court ignored his evidence is unsupported by the record. In its opinion, the district court expressly stated that it had considered Martinez's pleadings, as well as the medical records submitted by Martinez and the appellees. As noted by the district court, the record contains more than 2000 pages of medical records related to Martinez's treatment for his various medical issues. After reviewing Martinez's allegations, which the district court attached as an appendix to its order, and the medical record evidence, the district court concluded that Martinez received a "significant amount of medical care." The district court further

concluded that Martinez's own allegations refuted that the appellees were deliberately indifferent to his serious medical needs, but rather demonstrated that Martinez merely disagreed with the treatment he was receiving. These findings by the district court are not erroneous. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

The district court determined that Martinez's claim against Ernestine Julye was prescribed. Because Martinez does not challenge this finding, his claim is deemed abandoned. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Before this court, Martinez does not raise his claims against the following individuals: Bobby Vincent, Anitra Lindley, Jacklyn Fisher, Mahmoud Eltory, Tony O'Hare, and Vernon Pittman. These claims are therefore also deemed abandoned. *See id.*

Because there is no genuine issue of material fact in dispute as to Martinez's deliberate indifference claims, the district court did not err in granting the appellees' motion for summary judgment. Accordingly, the judgment of the district court is AFFIRMED. Martinez's motions for appointment of counsel and to strike the appellees' letter brief are DENIED.